cess. It would be a strained construction to hold that defendant is not liable personally on her own notes.

It is therefore ordered that the judgment appealed from be amended by condemning the defendant personally to pay the whole amount sued for, with interest, attorney's fees, and costs, and that, as thus amended, said judgment be affirmed; appellant to pay costs of appeal.

---

(43 South. 392.)

No. 16,343.

WELLBORN v. JOHNSON.

(March 18, 1907.)

APPEAL—REVIEW—QUESTIONS OF FACT.
Involves only questions of fact.
(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Marshall J. Wellborn against Harry K. Johnson. Judgment for defendant, and plaintiff appeals. Affirmed.

Clegg & Quintero, for appellant. T. M. & J. D. Miller, for appellee.

PROVOSTY, J. At the time that the story of this case opens, the defendant, Harry K. Johnson, was conducting, in partnership with his father, Matt. F. Johnson, a fire insurance agency in the city of New Orleans, and the plaintiff, Marshall J. Wellborn, was conducting, in the same city, a life insurance agency.

The Chalmette Fire Insurance Company, of the same city, had recently made a disgraceful failure; and its president, though acquitted later, upon investigation, of all responsibility, was for the time being somewhat under a cloud in the fire insurance world, and out of regular employment. This was Walter D. Wellborn, a brother of plaintiff. He found occupation in soliciting insurance, which he placed with the agency of M. F. & H. K. Johnson. The failure of the Chalmette Company had caused a considerable loss to the defendant, Harry K. Johnson; nevertheless the latter felt kindly towards Walter D. Wellborn, and desired to help him. M. F. & H. K. Johnson had incorporated a limited company under the style of Johnson & Co., Limited, and proposed turning over their insurance business to this company, or had already done so. At this same time they were carrying a large indebtedness, which they had inherited from their predecessors in the agency, and stood in need of financial assistance. This was the situation when the following agreement was executed by the plaintiff, Marshall J. Wellborn, and the defendant, Harry K. Johnson:

"New Orleans, January 10th, 1896.
"I agree to furnish Johnson & Co., Limited, my note for $5,000, due in 12 months from the 11th day of January, 1896, and indorsed by Walter D. Wellborn, M. B. Wellborn, Albert Toledano, and Wogan Bros., which note is to be the collateral security for like amount borrowed from the Whitney National Bank upon the note of Matt. F. & Harry K. Johnson, the payment of which is further secured by the pledge of 147 shares of Johnson & Co., Limited, the owners of an insurance agency in New Orleans. The said notes of M. F. & H. K. Johnson for the above sum are 12 in number, one of which is to be paid each month until the entire debt is paid, when my note for $5,000, before mentioned, shall be returned to me.
"The consideration of this is that Walter D. Wellborn is to have and enjoy one-third (1/3) of the profit of said agency and to draw $200 per month for one year from the 1st day of February, 1896; and it is also understood and agreed that Matt. F. & Harry K. Johnson are to draw only $200 per month each from the same date.
"And now, in order to further secure the payment of these 12 notes before mentioned, the said Harry K. Johnson has insured his life in my favor for $5,000.
"The policy representing these amounts to be released and returned to me. All premiums on these to be paid by the said stock company if Johnson & Co., Limited, is now or shall be held liable for an amount exceeding six thousand dollars ($6,000).
                "[Signed] Marshall J. Wellborn.
"Witness:
                "[Signed] Harry K. Johnson.
        "[Signed] Walter D. Wellborn."

The $5,000 note mentioned in the agreement was executed and put in the hands of

Harry K. Johnson for the purposes of the agreement, and it and the 147 shares of Johnson & Co., Limited, referred to in the agreement, were pledged to the Whitney National Bank as collateral security for 12 notes of M. F. & H. K. Johnson, aggregating $5,400, and M. F. & H. K. Johnson received that amount from the bank; also, the defendant insured his life for $5,000 and transferred the policies to the plaintiff, as stipulated in the agreement.

Defendant contends that all this was done strictly in pursuance of the agreement. Plaintiff contends that the corporation of Johnson & Co., Limited, remained a mere paper corporation, and never materialized, and that the plan of the agreement fell through, and that defendant made use of the note for his own individual benefit.

Certain it is that, within a few months after the date of the agreement, the insurance companies which M. F. & H. K. Johnson represented withdrew their agencies from that firm and it went out of business. Defendant testifies, and the circumstances seem to corroborate him, that the withdrawal of the agencies from M. F. & H. K. Johnson was caused by their having associated Walter D. Wellborn in their business, against whom the companies entertained resentment owing to his late connection with the Chalmette Company.

M. F. & H. K. Johnson paid the Whitney bank a part of the money borrowed, leaving a balance of $3,795.16, which the indorsers of the $5,000 note and plaintiff had to pay. Plaintiff claims that he reimbursed to the other indorsers the amounts thus paid by them, and now sues for the said sum of $3,795.16, and also for the amount of the premiums paid on the policies.

Defendant pleads that the debt, except that for the premiums paid on the policies, is that of Johnson & Co., Limited, and not his, and that, moreover, the several sums paid

out by plaintiff have been reimbursed by Walter D. Wellborn, and that the debt is due to Walter D. Wellborn, if to any one.

We think that both of these defenses are made out. But the lower court sustained the second, and, simply because it requires less elaboration, we shall in like manner rest our judgment upon it.

The account between plaintiff and Walter D. Wellborn is produced, and it shows that the several sums paid by plaintiff on account of the $5,000 note were charged to Walter D. Wellborn in his accounts with plaintiff, and were treated as any other advances made by plaintiff to his brother. The report of the expert to whom the accounts were referred concludes in these words:

"I therefore beg to state that the books of M. J. Wellborn show that amounts paid by him on account of the note in question have been charged against the account of W. D. Wellborn, and that the books also show that W. D. Wellborn has settled these amounts."

The debt was incurred by plaintiff for the benefit of Walter D. Wellborn, and it was natural that he should have paid it, as the accounts show beyond cavil that he did.

Defendant admits that he owes plaintiff the amount paid in the way of premiums on the policies, and judgment was rendered in the lower court accordingly.

Judgment affirmed.